O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8897 PSG (FFMx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | Manya Picard v. GMAC Mortgage, LLC *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Remanding Case

On December 3, 2009, Defendant GMAC Mortgage, LLC ("GMAC") removed this action to this Court on the basis of diversity jurisdiction. On December 16, 2009, the Court issued an order to show cause ("OSC") why the action should not be remanded to state court. *See* Dkt # 11.

The OSC indicated that GMAC's notice of removal was deficient because, among other things, GMAC did not offer adequate facts to support its assertion regarding the location of its principal place of business. The OSC noted:

> The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders."). Accordingly, in determining a corporate party's principal place of business, this Court looks to the same factors. This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place. *Indus. Tectonics,* 912 F.2d at 1094.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8897 PSG (FFMx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | Manya Picard v. GMAC Mortgage, LLC *et al.* | | |

*12/16/09 OSC* (Dkt # 11) at p. 2.  The OSC ordered GMAC to address this deficiency in writing by January 6, 2010 and stated that failure to do so would result in the Court's remanding the action to state court.

GMAC filed a response to the OSC on January 6, 2010.  *See Defendant's Amended Notice of Removal ("Response")* (Dkt # 12).  The Response states that "Removing Defendant is a Delaware limited liability corporation" and that "Removing Defendant's principal place of business is in Pennsylvania, with its corporate headquarters located in Fort Washington, Pennsylvania."[1]  *Response* ¶ 5.  GMAC offers no other facts to support its assertion regarding the location of its principal place of business.  GMAC thus wholly fails to address any of the factors noted by the OSC as necessary for determining a corporation's principal place of business.  For this reason, the Court finds GMAC's response to the OSC to be insufficient.  The Court therefore remands this action to state court.

**IT IS SO ORDERED.**

---

[1] As with any corporation, a limited liability corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located.  *See* 28 U.S.C. § 1332(c)(1); *Hoagland v. Sandberg, Phoenix & Von Gontard, P.C.,* 385 F.3d 737, 741 (7th Cir. 2004) (noting that a judicial consensus has "emerged that all corporations are to be treated the same way in determining citizenship for diversity purposes"); *Conrad v. Ace Prop. & Cas. Ins. Co.,* 532 F.3d 1000, 1001 (9th Cir. 2008) (citing defendant limited liability corporation's principal place of business when noting the existence of diversity jurisdiction).